Irwin Raymond **SUESSERMAN**,
Appellant,

v.

Petra Virginia **SUESSERMAN**,
Respondent.

No. 37043.

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 27, 1976.

Robert L. Brown, Arnold, for appellant.

NORWIN D. HOUSER, Special Judge.

Irwin Raymond Suesserman sued for dissolution of his marriage to Petra Virginia Suesserman. Now he appeals from a default judgment ordering dissolution and awarding Petra child maintenance in the sum of $87 per week, contending that the award is excessive.

His first point is that the court erred in permitting the filing of a letter from Petra relating to the case and in considering the letter as an answer to his petition. Appellant's first knowledge of the existence of the letter was when he discovered it incorporated in the transcript on appeal. The letter, addressed to "Mr. C. B. Long," purports to have been written by Petra, although her signature is omitted. The letter, addressed to this unidentified person, is unsigned, unacknowledged, uncertified and was never served upon Irwin or his attorney. It does not purport to be a formal answer to the petition. It should have been lodged in the file in circuit court but not filed in the case. In the letter reference was made to plaintiff's ability to make money as a musician. When Irwin

was on the witness stand the court examined him with respect to his musicianship. We find no prejudice to Irwin arising out of his examination with reference to his musical experience and ability.

Appellant's principal point is that the court erred in awarding child support of $87 per week; that the award is grossly excessive in view of appellant's testimony that his take-home pay is only $182.50 per week and that after paying his personal living expenses only $55.85 *per month* remains available for child support, and his uncontroverted testimony that Petra grosses $160 per week and lives in a rent-free apartment.

Section 452.340, RSMo 1969 authorizes the court in a proceeding for dissolution of marriage to order either or both parents owing a duty of support to pay an amount reasonable or necessary for support of children born of the marriage, after considering all relevant factors, including the father's primary responsibility for child support; the financial resources of both parents and of the children; the financial needs of the noncustodial parent; their standard of living; the physical and emotional condition and educational needs of the children.

The mother of the children, Petra, a resident of California, was served by publication. She defaulted and was not represented by counsel in the trial court and is not represented in this Court. The only testimony was offered by Irwin, the father. He is a gunsmith. He works for Browning Arms Company. His gross wages are $490.40 every two weeks. After deductions his take-home pay is $365.01 every two weeks or $182.50 per week net. He initially testified that he had no other source of income, but upon examination by the trial court revealed his considerable past experience in the field of music, as a professional drummer. At trial Exhibit A was marked, identified and presumably admitted in evidence and considered by the court. We are informed that Exhibit A is a list of appellant's estimated personal expenses and living costs and that it shows a net balance

available for child support of $55.85 per month (the amount appellant is willing to pay). The difficulty is that Exhibit A has not been filed in this Court for our examination and consideration. This is the same situation encountered in *Bryan v. Bryan,* 452 S.W.2d 293 (Mo.App.1970). The burden of demonstrating error and the incorrectness of the judgment entered below is upon appellant. *Parking Systems, Inc. v. Kansas City Downtown Redevelopment Corp.,* 518 S.W.2d 11 (Mo.1974); *Massman Const. Co. v. Kansas City,* 487 S.W.2d 470 (Mo.1972); *Weston v. Great Central Ins. Co.,* 514 S.W.2d 17 (Mo.App.1974); *State ex rel. Mayfield v. City of Joplin,* 485 S.W.2d 473 (Mo.App.1972). Appellant having failed to file Exhibit A in this Court we are unable to make an independent determination of the reasonableness of the items of personal expenses appellant claims reduce the amount available for child support. In this situation we defer to the trial court's determination as to what amount is available for child support after deducting reasonable and necessary living expenses of the wage earner, for the reason that in the absence of an apparently important exhibit "it must be presumed that its contents 'were favorable to the judgment entered and unfavorable to the appellant,' *Bryan v. Bryan,* Mo.App., 452 S.W.2d 293, 295[1]; the intendment and content will be taken 'as favorable to the trial court's ruling and as unfavorable to appellant,' *Lange v. Baker,* Mo.App., 377 S.W.2d 5, 7[4]; *Fuzzell v. Williams,* Mo. App., 288 S.W.2d 372, 373[2]." *Wykle v. Colombo,* 457 S.W.2d 695, 700 (Mo.1970). The trial court "was entitled to reject his account of his living expenses to the extent it considered the estimate exaggerated," *Bryan v. Bryan,* supra, 452 S.W.2d l.c. 295, and that apparently is what the trial court did in this case.

■ There is no evidence of the financial resources of Petra, the custodial parent, as of the date of the trial. Appellant's testimony as to her financial resources is weak and untrustworthy. Appellant testified that "about a year before trial" Petra was working for a company in Ontario, California, making "close to $4 an hour," interpreted by counsel as grossing $160 per week. (There was no evidence that she was putting in 40 hours a week). This testimony is of little weight because it is too remote; there is no evidence that Petra was earning wages at time of trial in February, 1975. The same consideration applies to appellant's testimony that at the time of the separation, September 1, 1973, Petra was living rent-free in an apartment building furnished by Petra's mother. Least worthy of consideration is appellant's hearsay testimony that "the last time he talked" to his mother she told appellant that Petra was receiving "some kind of welfare." If, as appellant seems to contend, Petra has financial resources which to some extent should relieve him from his primary responsibility for child support it was appellant's burden to establish this fact by substantial evidence. Appellant has failed to meet this burden.

■ There is no evidence of the financial needs of the children. Appellant complains of this lack of evidence. Again, the burden of demonstrating that their needs are less than the amount fixed by the trial court is appellant's, in this effort on his part to pare the award for child support. He has failed to meet this burden. We do know that at time of trial there were five children, aged 13, 11, 8, 8 and 2 years, respectively. In this inflated economy we cannot say that it is an abuse of discretion to award $87 per week for the provision of necessary food, clothing, shelter, medical and dental costs and incidental expenses for five children of the ages shown, even without detailed evidence of actual outlays for these various items.

■ Appellant says the award is so excessive as to strip him of his incentive to continue gainful employment. He argues that the award of $87 per week is beyond his ability to pay; that it takes approximately 48% of his take-home pay and leaves him only $413.80 per month or $95.49 per week to provide for his sustenance, and constitutes an abuse of discretion on the part of the trial court. Appellant bears the

statutory primary responsibility for the support of his five children. Apparently able-bodied, educated as a gunsmith under the G.I. Bill of Rights, gainfully employed in his chosen vocation, with a four-year college education in the field of music and years of experience on the road as a professional musician, presumably appellant could, if he would, augment his earnings as a gunsmith with extra income from his musical profession. Compare appellant's situation with that of the father of eleven children in *L. J. S. v. V. H. S.*, 514 S.W.2d 1 (Mo.App.1974), where the approved award for child support took 79% of his net monthly income, leaving him approximately $200 to cover estimated personal living costs of $338 per month.

All things considered, we do not find the award grossly excessive or that it constitutes an abuse of discretion.

Judgment affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.