R_____ S_____ M_____, Respondent,

v.

J_____ D_____ M_____, Appellant.

No. 37157.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 28, 1976.

Hale W. Brown, Kirkwood, for appellant.

Alfred J. Rathert, Fenton, for respondent.

SMITH, Chief Judge.

The husband appeals from a judgment awarding custody of the couple's minor son to the wife in a dissolution of marriage case.

The husband challenges the trial court's determination that the mother was the proper custodian as contrary to the evidence. In view of our ruling on the husband's other point we do not reach that issue. That other point is that the court erred in refusing to permit the minor child to testify.

Both parties attempted to show that the other was guilty of sexual misconduct detrimental to the well-being of their minor son. Wife's evidence was directed toward certain alleged homosexual conduct by the husband with a 13 year old boy. Impropriety was vigorously denied by the father. The father's evidence was directed to the alleged openly adulterous relationship of the wife after separation. It was also claimed by husband that the wife left the boy alone for lengthy periods at night while accompanying her boyfriend. Wife denied any sexual activity with the man or that she left the boy alone, although she freely admitted extensive, almost continuous social contact with the man. The minor son was 8 years 10 months old at the time of trial. The court found neither parent to be unfit as a custodian. Wife was given custody of the son, with extensive temporary custody and visitation granted to the husband.

The husband attempted to call the son as a witness, which the court refused. No voir dire of the son was conducted, nor does the record reflect that any interview of the boy was conducted. The court refused husband's request on the basis that it was not in the best interests of the child to permit him to testify on the conduct of his parents or to express a choice of custodian. Husband contends that the minor should have been allowed to testify as to both matters. There was at least inferential support in the evidence that both parents had used the child as a weapon against the other, a practice which at best is childish and at worst sadistic.

Sec. 452.375(2) provides that in determining custody of a child one of the relevant factors is the wish "of [the] child as to his custodian." Sec. 452.385 RSMo. 1969, provides that the court may determine such preference by interview in chambers with counsel present and participating. Such a procedure is discretionary. In *Johnson v. Johnson*, 526 S.W.2d 33 (Mo.App. 1975) we held it was not error for a court not to interview a child of tender years as to his preference. Such a child is too young to have a rational basis for a preference and even subjecting him to expressing a preference may have serious adverse ef-

fects. Exactly what age is too young we do not attempt to establish here. We believe it the preferable procedure, if there is doubt, for the court to conduct a voir dire examination or interview to determine whether the child is capable of a rational preference. Here, however, we do not find an abuse of discretion in the court's determination that a child less than nine could not make a rational choice. Children of that age frequently make such decisions upon considerations unrelated to their welfare.

▮ As to permitting the child to testify concerning the activities of his parents, we arrive at a different conclusion. A parent has a right to call upon his children, if competent, to testify in a child custody proceeding where such evidence is relevant. *J. L. W. v. D. C. W.*, 519 S.W.2d 724[14] (Mo. App.1975). It is the obligation of the trial court to determine by proper voir dire examination that a child is competent to testify "and by the same token it is equally his duty to determine by a proper voir dire examination, that the child is incompetent before precluding it from testifying." *Benjamin v. Benjamin*, 370 S.W.2d 639[5–7] (Mo.App.1963). No such voir dire was conducted here, and the expressed reason for refusing to allow the child to testify was not a lack of competence.

What we said in *J. L. W. v. D. C. W.* [14] is applicable here:

"However, we have an aversion to requiring a child of tender years to testify in a child custody proceeding as to the immoral behavioral attributes of his parents. Thus, if the trial court has before it some basis to believe that requiring the child to testify would be detrimental to the best interests of the child, it may exercise its discretion in refusing to require the child to testify."

▮ The record does not show any basis for the court's conclusion that testifying would not be in the best interests of the child. Some of the claimed misconduct of the wife, such as leaving the child alone for lengthy periods at night, does not appear on its face to be so traumatic to the child that he would inevitably be injured by testifying about it. Nor would testimony concerning sexual activity or absence of it by the wife necessarily have such traumatic effect, depending upon the maturity, intelligence and sophistication of the child, and the degree of direct exposure to the conduct. These matters could and should have been determined by voir dire examination or interview on the record, either in court or in chambers. What effect such testimony, if permitted following voir dire, might have on the determination of custody we cannot know. In a close case, as this one is, it could be critical.

We therefore remand the case to the trial court for its examination into the competency of the child to testify and to determine whether the child's welfare warrants allowing him to testify if competent. If additional information is now available to assist in the determination of the custody question, the trial court should hear and receive such other relevant and competent evidence.

The judgment awarding custody is reversed and cause remanded for further proceedings in accordance with this opinion.

NORWIN D. HOUSER and ALDEN A. STOCKARD, Special Judges, concur.