Harold Eugene JONES, Plaintiff-Respondent,

v.

Gail Patricia MOSHKOWSKY, f/k/a Jones, Defendant-Appellant.

No. 38239.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 31, 1978.

Melvin Heller, Frank W. Kriegel, Jr., Melvin Heller, Inc., Clayton, for defendant-appellant.

REINHARD, Judge.

Appellant wife appeals from an order of the trial court awarding child support to the respondent husband in a modification proceeding.

The parties were divorced on April 29, 1974, and primary custody of the two minor children was awarded to the wife. Husband was ordered to pay wife child support. Husband, in December, 1975, filed a Motion to Modify the Decree. He requested custody of the children and alleged "That the income and circumstances of Petitioner are sufficient to contribute to the raising and supporting entirely of his children." However, in his prayer for relief he also requested child support. There was no service of process upon the wife, and on the morning of the hearing, the husband filed with the court a document subscribed by the wife and styled "Consent To Motion To Modify".[1] The wife appeared neither in person nor by counsel. The only witness was the husband. The court ordered wife to pay child support in the amount of $20.00 per month per child.

On appeal, appellant does not challenge the order transferring custody but cites several grounds for reversal of the order for child support. She contends that husband failed to meet his burden of proof on the issue of child support, and we agree.

■ The burden of proof on the Motion to Modify rested upon the movant husband. *Rodgers v. Rodgers,* 505 S.W.2d 138, 146 (Mo.App.1974). If wife's financial resources were such that husband should be relieved from his primary responsibility for child support, it was his burden to establish that fact by substantial evidence. *Suesserman v. Suesserman,* 539 S.W.2d 741, 743 (Mo.App.1976).

Section 452.340, RSMo 1973, sets out the factors to be considered in the allowance of child support. It reads as follows:

"In a proceeding for nonretroactive invalidity, dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:

(1) The father's primary responsibility for support of his child;

(2) The financial resources of the child;

(3) The financial resources of the custodial parent;

(4) The standard of living the child would have enjoyed had the marriage not been dissolved;

(5) The physical and emotional condition of the child, and his educational needs; and

(6) The financial resources and needs of the noncustodial parent."

The husband testified that his former wife had recently been a psychiatric patient in Barnes Hospital. The testimony pertinent to the issue of child support is as follows:

"Q Now, Mr. Jones, are you asking the Court to grant you child support in this matter also?

A Yes, ma'am.

Q What is your occupation?

A I'm in the Army.

Q Could you speak up?

A I'm in the Army. I'm a recruiter.

Q What is your annual income?

A About $13,000 a year.

Q Is that your gross?

A Yes, ma'am.

Q What is your net income?

A I really wouldn't know.

Q You are not sure of that?

A No.

---

1. The document contains her consent to a change of custody but makes no reference to child support.

Q Do you know whether or not Gail Patricia Jones is out of the hospital at the present time?

A Yes, ma'am, she is.

Q And do you know whether she is employed?

A Yes, ma'am, she is.

Q And where is she employed?

A I believe, she is employed at Wohl Hospital as a medical secretary.

Q Do you have any idea what her income is at the present time?

A I believe, around $600 a month.

Q How much child support are you asking the Court to award you?

A $40 a month per child.

Q Are you also asking the Court to award you $400 in attorney fees?

A Yes.

Q Are you asking that Gail Patricia Jones pay that?

A Yes.

Q Do you recall whether or not you have any agreement with your wife as to the child support and attorney fees?

A No, ma'am. She received a copy of the original, the original petition which the lawyer filed.

Q Do you feel that you are able to care for the children?

A Yes, ma'am.

*    *    *    *    *    *

Q Do you feel you are able to adequately support the children?

A Yes, ma'am.

Q Do you feel you need additional moneys in child support to support the children?

A Yes, ma'am."

■ There was no evidence presented concerning the husband's expenses, the particular needs of the children or the wife, and evidence of the wife's income is indefinite.

Applying the standard of review declared in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we find that the order for child support is not supported by substantial evidence.

The trial court's order is hereby modified to delete therefrom the order of child support, and in all other respects, the order is affirmed.

STEWART, P. J., and STEPHAN, J., concur.