**James V. GAMBINO, Appellant,**

v.

**Nancy A. GAMBINO, Respondent.**

**No. 43663.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 1982.

Rehearing Denied June 18, 1982.

John A. Kilo, St. Louis, for appellant.

Joseph S. Sanchez, Festus, for respondent.

REINHARD, Presiding Judge.

Husband appeals the child custody and support provisions of a decree of dissolu-

tion. The parties were married for some fifteen years. Two children were born; they were thirteen and fourteen years of age at the time of the hearing. Husband petitioned for dissolution; wife answered, admitting that the marriage was irretrievably broken. Evidence produced at the hearing focused on the issue of custody.

Husband worked for a chemical company in St. Louis, and earned $850.00 a month (take-home). Wife worked at Boatmen's Bank of Concord Village. The children lived with wife at the time of the hearing; the evidence showed her to be a fit parent. Both parents took an interest in the children's activities and cared for them at home. Both had taken an active role in the management of the household. The children testified that they loved both parents, although each preferred to live with husband.

■ Unfortunately, but perhaps unavoidably, the children were dragged into the marital dispute between the parties. As relations between the parties deteriorated, unpleasant incidents occurred involving the children. Each parent naturally emphasized incidents involving the other. It is unnecessary to delve into this, however; the record does not clearly preponderate in either party's favor, and "the trial court is vested with broad discretion in awarding custody under such circumstances." *In re Marriage of Shepherd*, 588 S.W.2d 174, 176–77 (Mo.App.1979). The trial court's award of custody to wife is supported by substantial evidence and is not against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

■ Husband contends that the award of custody to wife was error in light of the children's preference to live with husband. Husband contends that the court "erroneously applied the law," namely, § 452.375(2) RSMo. 1978 which requires the court to take the child's wishes, as to his custodian, into account. We have recognized that, while a child's wishes must be given some

weight under the above statute, they are not conclusive. The weight to be given such preferences varies with the age of the child, *Schmidt v. Schmidt*, 591 S.W.2d 260, 263 (Mo.App.1979), and the basis for that preference. *McBride v. McBride*, 579 S.W.2d 388, 390 (Mo.App.1979); *See also R. S. M. v. J. D. M.*, 542 S.W.2d 361, 363 (Mo.App.1976). Our review of the record discloses no indication that the children's preferences were not considered; they were simply taken into account as one of many factors. In light of all the evidence, including the children's basis for this preference, we see no abuse of discretion in the trial court's failure to follow the wishes of the children as to their custodian. *See In re Marriage of Campbell*, 599 S.W.2d 256, 258–59 (Mo.App.1980).

■ Husband was ordered to pay $50.00 per week per child as child support, and he assails this order on appeal as being unsupported by substantial evidence. There was no evidence adduced as to the cost of providing for the children's needs nor do we find evidence of wife's earnings in the record.[1] "Before a court may award an amount sufficient to meet a child's needs according to the child's station in life there must be sufficient evidence adduced as to the cost of providing such needs." *McNulty v. Heitman*, 600 S.W.2d 168, 173–74 (Mo. App.1980). We agree that in the absence of any such evidence, this support order cannot stand.

We recognize that cases have suggested that, under certain circumstances, no evidence of the children's needs will be necessary to support an order of child support. *Suesserman v. Suesserman*, 539 S.W.2d 741, 743 (Mo.App.1976). *See also Green v. Green*, 623 S.W.2d 265, 267 (Mo.App.1981); *Metts v. Metts*, 625 S.W.2d 896, 899 (Mo. App.1981). In *Suesserman*, this court affirmed an award of $87.00 per week for the support of five children between the ages of 13 and 2 years. Here we are confronted with an award of $100.00 per week for the support of two children, ages 13 and 14.

1. The court *may* have had before it expense statements of the parties, but the record contains neither the statements nor indication that they were admitted into evidence.

Judicial notice of our "inflated economy," *Suesserman,* 539 S.W.2d at 743, can go only so far, and we are not prepared to adopt a rule of law that eliminates the necessity of the presentation of evidence on the issue of child support. Judgments were affirmed in *Suesserman, Green* and *Metts* under the particular facts of those cases. Although we are reluctant to remand for further evidence on the issue of child support, the record here requires such a remand.

Husband also assails the award of attorney's fees for the reason that there was no evidence as to the amount of those fees. This is an area, however, in which the courts are themselves experts; they can set a reasonable fee without the aid of evidence. *Beckman v. Beckman,* 545 S.W.2d 300, 303 (Mo.App.1976).

Judgment reversed and remanded for a proper determination of the amount of child support; in all other respects affirmed.

SNYDER and CRIST, JJ., concur.