In re the Marriage of William N. CLAPPER, Respondent,

v.

Frances Jean CLAPPER, Appellant.

No. 47575.

Missouri Court of Appeals, Eastern District, Northern Division.

July 24, 1984.

Branham Rendlen, Diane W. Roe, Rendlen, Rendlen, Ahrens, Browne & Rendlen, Hannibal, for appellant.

Dan Bollow, Bollow, Wallace & McConnell, Shelbina, for respondent.

DOWD, Chief Judge.

Appeal from the provision of a dissolution judgment finding a property settlement entered into by wife (hereinafter appellant) and husband (hereinafter respondent) conscionable. The substantive issue to be decided here is whether the trial court properly determined the conscionability of the property settlement agreement pursuant to the terms of § 452.325.2 RSMo 1978.[1]

Respondent filed a petition for dissolution stating the parties had entered into a separation agreement. Appellant in turn retained counsel and filed an answer requesting the settlement be found unconscionable in that at the time she signed it she was not represented by counsel, was not aware of the extent of the marital property, the income it generated, nor the respondent's income. Moreover, under said agreement, she would receive less than one tenth of the marital property. Appellant's attorney subsequently withdrew from the case. The record also reveals neither appellant nor an attorney in her behalf were present at the hearing. Appellant now contends the contract was secured by fraud and overreaching. However, there is no such evidence in the record and appellant's affidavits to that effect in support of a motion to file a late notice of appeal are not properly part of the record subject to consideration by this court. *Lubrication Engineers, Inc. v. Parkinson*, 341 S.W.2d 876 (Mo.App.1961). Section 452.325.2 in effect provides that the terms of a separation agreement concerning maintenance and the division of property are binding upon the court unless the court finds it to be unconscionable. As such, the court must make a factual determination based upon the parties' economic circumstances. See *Block v. Block*, 593 S.W.2d 584 (Mo.App.1979). A husband and wife have the right to contract between themselves in order to adjust all of their property rights. This agreement, however, must still be conscionable, fair to the wife, and free from fraud, collusion, or compul-

---

1. All statutory references unless otherwise noted are to Missouri Revised Statutes 1978.

sion. *Goulding v. Goulding,* 497 S.W.2d 842 (Mo.App.1973).

 Due to the limited scope of review mandated by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), we are always reluctant to reverse the respected trial judge. However, we are convinced this agreement awarding less than one tenth of the marital property is unconscionable. Pursuant to this contract, appellant was to receive a $22,000.00 cash settlement and various personal and household items. Respondent in turn was to receive a house, certain tangible property, stocks, bonds, and securities all totalling approximately $334,905.00. The entire record consists of the agreement itself and respondent's sole testimony to the effect that appellant was an alcoholic and that they entered into the agreement because appellant lacked sufficient experience to manage the assets. He further testified appellant wanted the assets preserved and increased for their children's benefit. Without further evidence concerning the economic circumstances of both parties, the contribution of each spouse and the value of the property we must reverse the judgment.[2]

It is conceded the agreement did contain several unusual clauses providing appellant with maintenance even if she remarried, a home and the payment of all of her utilities, in addition to requiring respondent to devise 90% of his assets to their children. This agreement, however, only provides appellant with an action against respondent if he fails to comply with its terms. While there are provisions to prevent respondent from conveying the property there is nothing preventing him from dissipating the funds. If the intent was to protect both appellant and the marital assets, there were several other legal methods through which it could have been accomplished. The few safeguards provided in the agreement do not adequately protect appellant or the assets.

The judgment of the circuit court finding the property settlement conscionable is set aside and the cause remanded for a hearing under the provisions of § 452.325.2 with evidence as to the economic circumstances of both parties or for a proper division of marital property pursuant to § 452.330 RSMo 1978.

Judgment reversed and remanded.

IVAN LEE HOLT, Jr., Special Judge, and CLEMENS, Senior Judge, concur.

---

**2.** When determining the propriety of a property settlement, the court should consider the factors set forth in § 452.330 such as the contribution of each spouse, the value of the property, the economic circumstances of each spouse, and the parties' conduct during the marriage. *Haggard v. Haggard,* 585 S.W.2d 480 (Mo. banc 1979).