**Clarence J. PEARSON, Petitioner-Appellant,**

v.

**Constance J. PEARSON, Respondent.**

**No. 48370.**

Missouri Court of Appeals, Eastern District, Division One.

March 12, 1985.

---

William Francis Klages, St. Louis, for petitioner-appellant.

Charles J. McMullin, St. Louis, for respondent.

KAROHL, Judge.

Petitioner husband appeals only those provisions of a dissolution decree relating to an award of personal property, limited maintenance, attorney's fees and an interest in a house to respondent wife. The dissolution of marriage is not appealed.

The parties were married in April 1971, separated in July 1976 and the dissolution granted on December 15, 1983. No chil-

dren were born of the marriage. However, both parties were parents of children by previous marriages. Wife has been employed by the St. Louis City Board of Education for twenty years. At the time of trial she described herself as a math specialist. Husband has been a teacher in the St. Louis school system for seventeen and one-half years and an employee of the Herbert Hoover's Boys Club for sixteen years. He testified that his total monthly take home pay was approximately $1,200, $608.00 as a school teacher. Wife testified but did not mention the amount of her earnings or expenses. The parties' income and expense and financial statements were not offered in evidence. The parties were separated eight and one-half years before the dissolution was granted. There is no evidence that husband contributed any support for the wife during the period of separation.

Husband contends the trial court erred in awarding limited maintenance of $50.00 per month for a period of sixty months, attorney's fee of $1,000, six items of personal property with designated values which husband was to transfer to the wife or to pay the designated values on any items not transferred, and in ordering husband to deed to wife a one-half interest in a residence purchased by him after the parties separated.

■ Our standard of review of the points on appeal is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The burden of demonstrating error and the incorrectness of the judgment below is upon appellant. *Suesserman v. Suesserman*, 539 S.W.2d 741, 743 (Mo.App.1976).

■ We find no error in the award of personal property or in the alternative the value of items not delivered. Husband acknowledged wife's ownership of the six items, did not dispute the values she assigned to each and said that two of the six were definitely at his home. He did not know whether or not he had the other four items but they may be contained in boxes at his home. He had no objection that they be returned. Husband's sole point with

regard to these items is that there was no evidence he had them in his possession and control. This point is denied because of the foregoing evidence and because wife testified they were in his possession.

■ Husband objects to the award of a $1,000 attorney's fee payable to wife's attorney on the grounds that it is not supported by the evidence, is excessive both because husband is unable to pay and wife is able to pay. We reject this argument because we find no abuse of discretion in the award of the fee. *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 859 (Mo. App.1977). This court en banc there held that § 452.355 RSMo 1978 authorizes the court, "... after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the costs to the other party of maintaining or defending any proceeding under Sections 452.300–452.415 and for attorney's fees ..." *Id.* The skimpy evidence before the trial court supports the award. There was evidence of husband's income and expenses but no direct evidence of the wife's income and expenses. The evidence supports a finding of the trial court of the husband's ability to pay which is not offset by evidence of the wife's ability to pay. Further the court's discretion is not limited only to the parties' financial standing. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918 (Mo. banc 1979). Point denied.

■ Husband contends that the award of limited maintenance in the amount of $50.00 per month for a period of sixty months was unsupported by the evidence. In his view the evidence established that wife was able to support herself on her income as a school teacher with twenty years seniority and gross monthly wages of $2,725 per month. There may have been information available as to the extent of her wages and her expenses but they were not presented in evidence. Such information is reflected on her income and expense and financial statements filed with the court and made part of the legal file filed

with this court. This information however was not made part of the evidence. Further there was no evidence of the manner in which she was supported during the lengthy separation of the parties. On this point the only evidence was her testimony that she was a twenty year employee of the St. Louis school system. She asked periodic "alimony" because of an existing medical condition which had caused a permanent limp and which may worsen so as to adversely effect her ability to work. Husband questions the award only on the basis that the evidence of the amount of her earnings made the award unnecessary and therefore unauthorized under § 452.335 RSMo 1978. This point is denied because of the failure in the evidence to support husband's argument.

Husband's last point requires a further statement of facts. The parties separated in July 1976. Seventeen months later husband decided to buy a house. At husband's request wife freely signed the purchase money deed of trust in favor of Pulaski Service Corporation, Trustee for Pulaski Savings & Loan Association. Husband borrowed $28,500 on a purchase price of $30,000. It appears that he paid approximately $2,300 from his own funds. After the purchase he paid all of the monthly payments from his own funds including payments after this suit was filed. It may be that the down payment and closing expenses and the equity payments were funds acquired from non-marital funds or after the separation of the parties and to that extent the court erred in finding all of the equity in the real estate to be marital property. There is a statutory presumption that property acquired during the marriage is marital property. § 452.330 RSMo Supp.1981. However "[e]ach spouse has a common ownership in marital property which vests not later than the time of commencement by one spouse against the other of an action in which a final decree is entered for dissolution of marriage ..." The parties stipulated that wife made no contribution toward the purchase of the real estate but that she had an interest as spouse.

We conclude that the record is insufficient to determine the nature and extent of either the husband's or the wife's interests in the property. The general warranty deed by which the husband acquired his interest in October of 1977 provides that husband receive a life estate to include exclusive use and benefit of the property and to sell, mortgage, convey or in any manner dispose of the fee simple title to the property, all in his sole discretion and by his sole deed or other instrument. Dorothy Cash was to receive as a remainderman any undisposed interest. Dorothy Cash appeared by affidavit and waived any interest in the property. Wife accommodated her husband by signing the purchase money deed of trust. Wife requested an interest in the real estate only if she did not receive the personal property items, attorney's fees and "alimony." [We interpret this testimony to mean periodic maintenance]. One further complication is discernible from the evidence. At the time of the dissolution hearing husband's wages were subject to a garnishment by a judgment creditor. The judgment for $14,000 was owed by reason of an automobile accident.

The evidence does not detail whether the judgment was entered or registered in the City of St. Louis where the residence is located or when it was entered and we cannot determine whether a judgment lien on the real estate is involved. § 511.350 RSMo 1978. Further there is no evidence of the value of the real estate at the time of the dissolution or of the balance due on the purchase money deed of trust. Accordingly it is not possible to determine the amount of equity, if any, which the Pearsons may have in the real estate.

The court found the general warranty deed by which husband acquired the property and the deed of trust to be fraudulent and void as to wife. He therefore ordered "... that said deeds be and are hereby set aside and for naught held and declared of no force and effect. And the court further orders Petitioner [husband] to sign and ex-

ecute all documents required to transfer and convey an undivided ½ interest in said real property to Respondent, Constance J. Pearson." The court apparently intended to amend the life estate with powers provision in the general warranty deed but not to return the property to the sellers. Pulaski Service Corporation and Pulaski Savings & Loan Association were not parties before the trial court. They have intervened in this court. Husband and wife have agreed in this court that the decree must be amended so as not to effect either the acquisition of the property or the lien in favor of intervenors. To that extent the decree must be amended. Husband is before the court and has the power to convey a fee interest, subject to the deed of trust and perhaps subject to the judgment lien. The trial court may hear such further evidence as will be required to determine the nature and extent of separate and marital property included in the real estate and then award or divide the real estate. Such evidence will include: (1) the market value of the property; (2) the balance due on the deed of trust; (3) the appreciation in value after the petition for dissolution was filed attributable to payments after suit; and, (4) the effect of the judgment lien against husband, if any. The additional evidence may result in a finding that husband has no equity in the property. In that event the court may award the property to husband without further order. If the evidence discloses that the husband has an equity interest in the property the court may determine the extent, if any, of his separate interest and the extent of the marital property interest and order husband to execute a deed to himself and to wife so as to reflect the findings of the court. This deed will not adversely affect the intervenor's interests or the judgment creditor's interests. It would also serve to cure any title defect that may exist because of the remainder interest of Dorothy Cash in the acquisition general warranty deed. Dorothy Cash is to receive in remainder only such interest as is undisposed of at the time of husband's death.

We affirm the decree of dissolution in all respects except Paragraph 5 of the decree. We remand to the trial court for further consideration of the real property acquired by husband in the general warranty deed from Rance James and Videlia James, his wife, dated October 12, 1977. The trial court will be guided by the existing and subsequent evidence with regard to the real estate and dispose of it according to the terms of § 452.330 RSMo Supp.1981.

PUDLOWSKI, P.J., and GAERTNER, J., concur.