John M. ARENT,
Petitioner–Respondent,

v.

Geraldine F. ARENT,
Respondent–Appellant.

No. 53895.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 18, 1988.

William Sitzer, St. Louis, for respondent-appellant.

Gerald T. Hoff, St. Louis, for petitioner-respondent.

REINHARD, Judge.

Wife appeals from the child support portion of a dissolution decree. We reverse and remand.

The trial court ordered husband to pay $100.00 per month as child support for each of two minor children. The parties entered into an agreement wherein they divided their marital property, and contend that the agreement provided for child support payments as decreed to the wife. The record reveals that an agreement was marked as an exhibit and admitted into evidence, but the only reference in the record as to child support is in the decree signed by the judge and the parties.

While it appears that the parties filed interrogatories containing financial information along with income and expense statements required by local rule, neither the interrogatories nor the statements were offered into evidence, nor did the parties stipulate as to their admission, nor did the court take judicial notice of them. Consequently this information was not be-fore the court, and since there was no testimony concerning the parties' financial circumstances, the child support order cannot stand. *Gambino v. Gambino*, 636 S.W.2d 81 (Mo.App.1982).

Even were we to assume there was an agreement as to child support, that agreement would be advisory only, because the ultimate responsibility for fashioning a decree which reflects the best interests of the child rests with the court. § 452.325(2), RSMo 1986. *Goodman v. Goodman*, 576 S.W.2d 747, 751 (Mo.App.1979), *Williams v. Williams*, 542 S.W.2d 563, 566 (Mo.App. 1976). The recent case of *Dow v. Dow*, 732 S.W.2d 906 (Mo. banc 1987), which wife cites, does not change this result. In *Dow*, a case in which child support and custody were not involved, the court held that the trial court has no affirmative duty to investigate the economic circumstances of the parties to determine the conscionability of a separation agreement. However, *Dow* does not relieve a court from the requirement that there be evidence in the record supporting the decree. We merely hold that under our standard of review as articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we are required to reverse and remand this case because of the insufficiency of the record evidence upon which the $100.00 per month child support order was based. Wife's complaints as to the disposition of marital property are, however, without merit. Wife admits that there was an agreement as to marital property, and that it was presented to the court. Furthermore, wife was present at the dissolution hearing and her attorney questioned husband regarding the fairness of the agreement. Under these circumstances, she cannot now contend the agreement, which was incorporated into the decree, is unconscionable. *Dow*, 732 S.W.2d at 902.

Finally, wife argues that a reversal of the trial court's child support award requires that the entire case be remanded to the trial court. She relies on *In Re Marriage of Linnenburger*, 741 S.W.2d 872 (Mo.App.1987), which held that a trial court cannot selectively approve parts of a sepa-

ration agreement while finding other parts unconscionable. *Linnenburger* is inapplicable to this case. Our ruling on child support is based on the insufficiency of the evidence as to child support, and not on the unconscionability of the parties' agreement on this issue. As we emphasized above, the record reveals no agreement on the issue of child support. Accordingly, we reverse and remand to the trial court for the limited purpose of determining the amount of child support.

CRANDALL, P.J., and CRIST, J., concur.