Janet **SCHREIBER,**
Petitioner/Respondent,

v.

Eugene **SCHREIBER,**
Respondent/Appellant.

No. 56727.

Missouri Court of Appeals,
Eastern District,
Division One.

April 24, 1990.

William R. Gartenberg, St. Louis, for respondent/appellant.

Bryan L. Hettenbach, St. Louis, for petitioner/respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Eugene T. Schreiber, appeals from the trial court's refusal to set-aside

its judgment in this proceeding for dissolution of marriage. We affirm.

Appellant and the respondent, Janet R. Schreiber, were married on February 9, 1978. The parties had signed a pre-marital agreement which provided for the disposition of at least some of the parties' property upon dissolution.[1] There were no children born of this marriage.

The parties separated on or about February 26, 1988, and respondent filed her petition for dissolution on February 29, 1988. Appellant's answer and cross petition for dissolution referred to the pre-marital agreement as providing for the disposition of certain separate property and specifically stated that the parties had intended to acquire real property out of separate assets titled as tenants-in-common with each party retaining one-half interest in this property. Appellant's cross petition also specifically averred that, pursuant to this pre-nuptial agreement, upon dissolution he would retain possession of the marital home and respondent would receive the value of her one-half interest.

The cause was heard by the trial court on March 16, 1989, and both parties testified that they had reached a negotiated agreement regarding the disposition of their property and testified as to the terms of this accord. The court delayed its entry of judgment until this agreement could be put into writing.

On April 10, 1989, the court entered its decree of dissolution and incorporated the parties' written separation agreement into this decree. The agreement provided, inter alia, that appellant would assume possession and ownership of the marital residence and three rental properties. Respondent was to receive $110,000.00 as her share of this real estate.

■ Appellant, after having signed this separation agreement, filed a motion to set aside the decree on May 5, 1989. Appellant claimed in his motion that the decree was "unconscionable" since it varied the terms of the pre-nuptial agreement. The trial court overruled appellant's motion and he appeals asserting that he had advised his attorney that he did not want to pay respondent any more money than he would have been obligated to under the terms of the pre-nuptial agreement. Appellant alleges that since the separation agreement required him to pay respondent some $38,-000.00 more than would have been required under the pre-marital agreement, the court should have accepted additional evidence to determine whether the separation agreement was unconscionable.

In review of this case, we must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Under RSMo § 452.325.2 (1986), the terms of the parties' separation agreement are binding upon the court unless it finds that the agreement is unconscionable.

■ In our case, we are unable to determine what appellant would have been required to pay respondent because the pre-marital agreement was never entered into evidence. Appellant claims that this agreement would have required him to pay respondent one-third of the value of the combined equity of the three rental properties plus one-half of the value of the marital home, or a total of $71,166.00 instead of $110,000.00. While we cannot verify appellant's mathematics, it is clear that respondent testified that she would be paid $110,-000.00 by appellant after she had executed quit claim deeds in appellant's favor to the marital home and rental properties. Appellant then testified that the above exchange was indeed what the parties had agreed upon and that the agreement was not un-

---

1. While both parties acknowledge the existence of such an agreement, it was never introduced into evidence and was only referred to in appel-lant's answer and cross-petition, in respondent's testimony, and in appellant's brief to this court.

conscionable. We agree that appellant's payment of $110,000.00 in exchange for $169,800.00 worth of property is not unconscionable as applied to appellant.

Appellant in this appeal, therefore, is seeking to get another opportunity to introduce into evidence the pre-marital agreement that he failed to introduce into evidence at trial. The Supreme Court of Missouri in *Dow v. Dow*, 732 S.W.2d 906 (Mo. banc 1987) held that the trial court is not required to receive additional evidence in order to determine whether a separation agreement is unconscionable. *Id.* at 908. Appellant's assertion that the court erred in refusing to set-aside its decree in order to examine additional evidence is, therefore, erroneous.

Since we do not find the court's actions to be error, we affirm the overruling of appellant's motion to set-aside the decree of dissolution.

REINHARD and CRIST, JJ., concur.