**Michael Eugene OBERMILLER, Plaintiff–Respondent,**

v.

**Patricia Ann OBERMILLER, Defendant–Appellant,**

**Jesse Obermiller and Marvalyn Obermiller, Intervenors.**

No. 57484.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 4, 1990.

their agreement to it. The agreement included a promise by the husband to pay $500 toward wife's attorney's fees. The agreement contained provisions pertaining to the grandparents' visitation rights. This agreement was expressed by husband's attorney as follows:

> "[The grandparents] will have rights of temporary custody one day a month of the minor children and two weeks in the summer but that they will not exercise ... these custodial rights so long as [the father is] exercising [his] rights ..."

The grandparents assented to these terms. The parties also had a specific agreement as to the time the children were to be picked up and returned by the father.

In the decree the court said, "the parties announce settlement and stipulate in open court the terms which have been considered by this court and incorporated in this decree." However, the specific agreement did not appear in the decree and certain provisions in the decree varied from the agreement. No provision was made for attorney's fees. The court granted the grandparents two unrestricted weeks of visitation and changed the time as to when the children were to be picked up and returned by the father.

On appeal wife challenges those portions of the decree that are inconsistent with the parties' stipulation.[1]

Section 452.325.2, RSMo.1986, provides that:

> In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

§ 452.325.2, RSMo.1986. Such an agreement is advisory only. *Arent v. Arent,* 759 S.W.2d 855 (Mo.App.1988). Stipulations as

Richard K. Kuntze, Cape Girardeau, for defendant-appellant.

Michael Eugene Obermiller, party acting pro se.

PER CURIAM.

Wife appeals from the portions of a dissolution decree providing for visitation rights and denying attorney's fees. We reverse and remand.

Both the parties and the paternal grandparents, who had intervened to obtain visitation rights, testified. Early in the hearing, and during the testimony of the husband, husband's counsel indicated to the court that an agreement had been reached as to certain matters including custody, child support and visitation. Husband and wife both testified as to the settlement and

1. Husband has not favored us with a brief.

to other matters including attorney's fees are binding on the trial court unless the court finds that economic evidence produced by the parties on their own motion or as required by the court demonstrates unconscionability. *Dow v. Dow,* 732 S.W.2d 906 (Mo.1987).

It is obvious that the trial court's decree varies from the clear agreement of the parties. The decree fails to provide for the payment of $500 toward the attorney's fees as was agreed. In this regard the court erred and on remand the court should amend the order to comply with the stipulation.

While we recognize the right of the court to ignore the agreement of the parties as to custody, visitation, and support, the decree creates an uncertainty in that regard. One part of the decree seems to adopt the agreement by incorporating it, and another part seems to reject it. We can't tell if the court exercised its discretion or intended to follow the agreement but mistakenly failed to do so. On remand the court should clarify the decree for the benefit of the parties.

Reversed and remanded.