Donald R. Lyons, defendant in an action for divorce brought by Gwendolyn R. Lyons, appeals from that portion of the final decree effecting a property division between the parties. The issues presented are: (1) May real property to which legal title is held by a closed corporation, be ordered conveyed by the corporation to the wife as part of a property settlement? and (2) Did the trial court abuse its discretion in the division of property? We affirm the decree of the trial court.
The evidence tended to show that plaintiff and defendant had been married some 13 years when the marriage became irreconcilably incompatible. They had jointly participated in several business enterprises during the marriage. They had owned coin-operated laundries, bought and sold real estate and had formed a closed corporation through which the defendant carried on a home improvement business. The corporation held title to real and personal property. Plaintiff owned one share of stock and the defendant owned the remainder. Defendant operated the corporation as his alter ego, intermingling the corporate funds with those of his own. There were no corporate meetings, minutes or records regularly kept except a bank account. Defendant was not paid a salary by the corporation but used funds in the corporate account as if they were his own. He failed to deposit thousands of dollars in corporate cash receipts and used such cash as his personal funds. There is no evidence that the corporation had ever filed a corporate tax return. The income tax returns of the parties did not show any income from the corporation nor any mention thereof, except for the year 1973 when an unexplained corporate loss was shown on the personal return of the defendant and taken as a deduction from his individual income.
The testimony, unsupported by documentary record, was that the corporation, Allied Home Improvements, Inc., held legal title to two parcels of real estate. The court in its decree directed the parties, as the sole stockholders and officers of the corporation to perform the necessary acts to convey title to one of the parcels, a vacant lot, to plaintiff. After such conveyance was completed, the plaintiff was directed to convey her stock in the corporation to defendant.
Defendant argues that the court was without authority to direct conveyance of corporate property in a proceeding to which the corporation was not a party. Defendant submits no authority in support of his argument. As a basic rule of corporate entity, defendant correctly states the law. Loper v.Gill, 282 Ala. 614, 213 So.2d 674. The distinction here is that the acts of defendant have created an exception to the rule. In order for a corporation to be accorded treatment as a separate legal entity, it must exist and function as such and not merely as the alter ego of a person owning and controlling it. A court of equity looks through form to substance and has often disregarded the corporate form when it was fiction in fact and deed and was merely serving the personal use and convenience of the owner. Cohen v. Williams, 294 Ala. 417, 318 So.2d 279. *Page 452 
The evidence in this case indicates that the Allied Home Improvement Co., Inc. merely existed as an instrument of form to serve the convenience of defendant. He used it or ignored it as he chose. If a corporation is to be considered as a legal entity by the court, it must have existed and functioned as such an entity. Not so here.
The trial court had before it the master of the corporation. There was little, if any, evidence that the property to which the corporation held title had been obtained through funds or activities of the corporation. The evidence was that the corporation had been manipulated in whatever manner desired by defendant without recognizable separate identity. Under such conditions the court of equity did not commit error in ignoring the fictional corporate shield behind which defendant attempted to hide marital property.
The other issue presented, that of abuse of discretion in the division of the marital property, will not stand before the test of presumptive correctness. The trial court heard the testimony and observed the witnesses as they testified. The judgment entered thereon is sufficiently supported by the evidence so that this court cannot find it wrong or unjust.Hendrix v. Hendrix, 56 Ala. App. 178, 320 So.2d 684, cert. denied 294 Ala. 758, 320 So.2d 687.
We see no reason to set out here an appraisal of the share given to each party by the trial court. The value of each piece of real property differed in the evidence offered by each party. The defendant's argument of unfairness of the division is based upon his own valuation, and ignores some 15 to 18 thousand dollars in cash on hand at the time of separation but afterward spent by defendant. If the testimony of value by the plaintiff and her witness were used, the force of defendant's argument would be greatly lessened. This court must consider that the trial court sat as a jury and was free to give greater weight to the testimony of one witness than to that of another.
This court finds no abuse of discretion. We affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.