**In re the MARRIAGE OF Ronald Eugene WARD, Petitioner-Respondent-Appellant,**

**and**

**Joyce Marie Ward, Appellant-Respondent.**

Nos. 12883, 12884.

Missouri Court of Appeals, Southern District, Division One.

Oct. 17, 1983.

John R. Lewis, Springfield, for petitioner-respondent-appellant.

Robert W. Freeman, Robert G. Ingold, Freeman, Fredrick, Bennett & Rogers, P.C., Springfield, for appellant-respondent.

GREENE, Chief Judge.

Both parties appeal from the trial court's decree dissolving their marriage of more than 20 years' duration, and deciding the issues of child custody and support, visitation rights, maintenance, and division of marital property. Their appeals have been consolidated for review.

Husband, Ronald Eugene Ward, is a plumber by trade and, at time of trial, was the sole owner of all of the shares of stock of a business corporation named Ward Plumbing and Heating Company, Inc. A second corporate entity, Wardcraft, Inc.,

was apparently owned by Ward Plumbing and Heating, although the trial court's finding of fact that Wardcraft is a "wholly owned subsidiary corporation", but that Ronald is the "sole stockholder, director and officer" of Wardcraft is somewhat ambiguous.

The wife, Joyce Marie Ward, had a tenth grade education, worked as a beautician and assembly line worker early in the marriage, but was unemployed at the time of the dissolution hearing. Three children were born of the marriage, one of whom was emancipated at time of trial. The wife had some health problems. In her pleadings, Mrs. Ward requested monthly maintenance for a sufficient length of time to become educated and self-supporting. During the marriage, the parties accumulated considerable real estate and personal property, as did the two corporations. Neither corporation was a party to the lawsuit.

In its decree, the trial court dissolved the marriage, awarded custody of the two minor children to the wife and $350 per month per child as child support. The husband was awarded visitation rights on alternate weekends, and five weeks of his choice during periods when the children were not in school. The wife was awarded $500 a month maintenance for a period of sixty months. The trial court found there was no nonmarital property, and that there was marital property of the value of over $497,-000. This property was divided on a 52%–48% ratio, with the wife receiving the larger share. The most valuable asset awarded to the husband was the corporate stock of Ward Plumbing and Heating, which the trial court valued at $100,000.

Although not so designated by the trial court in its findings, it is evident from exhibits introduced at trial, and by agreement of the parties, that at least $22,500 worth of real and personal property owned by Ward Plumbing and Heating or Wardcraft was declared to be marital property and ordered distributed to the wife, and at least $20,000 worth of corporate property was ordered distributed to the husband as a part of his marital property share. It is also evident from the record that the trial court failed to value and order distributed certain marital property items of personal property identified in Exhibit 6, and failed to take into consideration taxes paid from marital funds in arriving at a division of those assets.

In her appeal, the wife contends that her maintenance award is inadequate, that the child visitation portions of the decree are unfair, and that the provisions of the decree regarding the division of stock and other assets of the two corporations mentioned herein are vague and uncertain. The husband argues that Mrs. Ward should not have been allowed any maintenance, or, if so, the amount awarded was too much, disagrees with the amount of child support awarded, and makes several complaints regarding the property aspects of the decree. Among these complaints is the argument that treatment of assets of corporations not parties to the cause of action as marital property was erroneous.

■■■ The trial court's action in classifying the corporate assets as marital property, and dividing them between the parties, was reversible error. A marital dissolution decree may not purport to affect property of a corporation that is not a party to the litigation, even if the corporate stock is primarily or entirely owned by one of the parties to the dissolution action. *Penn v. Penn,* 655 S.W.2d 631 (W.D.Mo.App.1983); *V.M. v. L.M.,* 526 S.W.2d 947, 952 (Mo.App. 1975). The trial court was limited to a disposition of the *stock* of the corporation which was admitted by both parties to be marital property. *V.M. v. L.M.,* supra, at 952. The trial court has no jurisdiction to enter a decree dividing property that is not owned by either spouse. *In re Marriage of Schulz,* 583 S.W.2d 735, 742 (Mo.App.1979).

■■ In an effort to avoid reversal on this issue, the wife contends that the formation of a corporation during a marriage, whose control is exercised by one of the marriage partners, gives the trial court jurisdiction over the property of that corporation under the "alter ego" theory, under which technical corporate existence is disregarded in

order to avoid an injustice. Although there may be times when a party to a marriage has treated a controlled corporation with such informality and disregard of the distinction of entities that a corporate structure is meant to provide that the corporate existence may be ignored [see *Lyons v. Lyons,* 340 So.2d 450 (Ala.Civ.App.1976)], the record here is not supported by facts justifying such a conclusion, and it is obvious that the trial court did not make its property disposition findings on the basis of any such conclusion.

The husband, though contending error on the corporate assets ·issue, maintains that we can cure such error by simply striking from the decree the portions dealing with the corporate assets, and by making other adjustments in the property disposition of the decree. We decline to follow his suggested disposition for several reasons. The first is that appellate courts, even though authorized by law to do so (Rule 84.14[1]) should be reluctant to take over trial court functions involving findings of fact from the record and entry of amended judgments, except under the most compelling circumstances. We find no such compelling circumstances here. Second, we are unable to ascertain from the record whether, or to what extent, the value of the corporate property erroneously distributed to the husband and wife was considered in setting the value of the corporation, which was necessary in determining the value of the corporate stock awarded to the husband. This issue can only be determined by remand.

The questions relating to the amount of maintenance and child support are indivisible from the issues of the way marital property is divided, and the value of the respective property items awarded each party. §§ 452.335.1(1), .2(1); 452.340(3), (6). These questions must be addressed anew by the trial court on remand, after it makes a new determination of the marital property aspects of the case. See *Freeman v. Freeman,* 586 S.W.2d 386, 387 (Mo.App.

1979), and *V.M. v. L.M.,* supra, 526 S.W.2d at 952.

Also, on remand, the trial court can correct the deficiencies heretofore mentioned consisting of failure to properly credit real estate taxes paid in determining property values, and failure to allocate all of the marital property and possible sole property items, the existence of which appears on the face of the record.

Finally, the only matter before us unrelated to the erroneous property allocations is the question of the reasonableness of visitation. The court found that the two minor children, daughters born in 1968 and 1973, had good relationships with both parents. Custody was given to the mother with the father awarded "temporary custody" on alternate weekends and for five weeks as he may choose during school vacations. The wife contends that this amount of visitation approaches "joint custody", and that the decree fails to clarify how holidays are to be handled.

The matters of custody and visitation were not really contested at trial, and very little evidence relevant to those issues was presented. No one has demonstrated that the order as made is not in the best interest of the children. *Langwell v. Langwell,* 559 S.W.2d 65, 66[2] (Mo.App.1977); § 452.440.1, RSMo as amended Laws 1982. Given the desirable goal of reasonable contact between children and both parents, there is no basis for invoking any of the limited grounds on which review in this court might otherwise proceed. *Roark v. Harvey,* 544 S.W.2d 287, 291[1–2] (Mo.App. 1976). We do not choose to assume that the arrangement decreed, while not entirely specific, will be unworkable. Should it prove to be so, there is a remedy through a modification of the visitation provisions of the decree. *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 534[7] (Mo.App.1981).

The dissolution and portions of the decree governing custody of and visitation with the minor children are affirmed. The prop-

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

erty division, maintenance and support portions of the decree are reversed and the cause remanded for a complete and final determination on those matters.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.