ALMON, Justice.
This petition for writ of mandamus requests this Court to compel the respondent trial judge, the Hon. Randall Thomas, to vacate his order granting a change of venue from Montgomery County to Butler County. The underlying action is one for declaratory judgment as to the respective rights of the parties. Burford Equipment Company, the seller of a Caterpillar Model 518 Skidder, a piece of heavy logging equipment, sued Tony, Wayne, and Steve Myrick, the purchasers, and C.I.T. Corporation, the assignee of Burford’s security interest in the skidder. The question for resolution is whether C.I.T. is a material defendant so as to make Montgomery County a proper venue for the action even though the Myrieks reside in Butler County-
When Tony Myrick purchased the skid-der from Burford on March 29, 1983, Bur-ford financed the sale and took a security interest in the skidder. On September 23, 1983, Tony Myrick refinanced this debt and executed a new security agreement calling for monthly payments of $2,922.64. Steve and Wayne Myrick contemporaneously executed a guaranty agreement, promising to pay in the event of Tony’s default. Also on September 23, 1983, Burford assigned its interest in these security and guaranty agreements to C.I.T. Tony Myrick thereafter made payments to C.I.T.
On or about May 14, 1984, Tony Myrick ceased making payments. He claimed that Burford had breached its warranty in failing to make necessary repairs and he refused to permit peaceful repossession of the skidder. Burford filed this action in Montgomery Circuit Court, seeking a declaration of the rights and responsibilities of the parties.
Code 1975, § 6-6-220 et seq., provides for declaratory judgment actions. Section 6-6-227 states that “All persons shall be made parties who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.” It is not fatal to the action if an interested person is omitted, because the statute protects such a person’s interest from prejudice. If the person is a necessary party, the court must require the joinder of the person. Board of Trustees of Employees’ Retirement System v. Talley, 286 Ala. 661, 662, 244 So.2d 791 (1971).
Section 232 of the Alabama Constitution of 1901 provides that a foreign corporation “may be sued in any county where it does business, by service of process upon an agent anywhere in the state.” See also Code 1975, § 6-3-7. The venue provisions as to individuals allow a declaratory judgment action to be brought “in the county in which the defendant or a material defendant resides.” Code 1975, § 6 — 3—2(b)(3); Rule 82(b)(1)(A), A.R.Civ.P.
C.I.T. Corporation is a New York corporation qualified to do business in Alabama. It does business by agent in Montgomery County, with its designated agent for service of process being The Corporation Company, 1100 Union Bank Tower, Montgomery, Alabama.[1] Tony Myrick sent the monthly installment checks to an office of C.I.T. in Birmingham. C.I.T. is represented by a Birmingham attorney in this proceeding.
The argument that C.I.T. is a necessary party stems from the fact that Burford, in assigning the security interest to C.I.T.,
*684 “guarantee[d] the payment promptly when due of the amount of each and every installment payable under the contract and the payment on demand of the entire unpaid balance at the date of default in the event of any default by Buyer under the contract, without first requiring Assignee to proceed against Buyer or any other person or any security.”
Burford’s position is that its contingent liability to C.I.T. makes C.I.T. a proper defendant to Burford’s declaratory judgment action.
While the above-quoted clause of the assignment does create a potential conflict between Burford and C.I.T., the material dispute in this case aligns both Burford and C.I.T. against the Myricks. Burford and C.I.T. take no position contrary to each other. Burford admits the validity of its guarantee in the event of the Myricks’ default. Burford seeks to collect from the Myricks, and C.I.T. certainly does not dispute the Myricks’ liability. In the event the Myricks prove that Burford made and breached warranties to repair defects, C.I.T. might wish to prove that any such warranties do not absolve Burford of its obligation to pay the amount due even though the Myricks are not in fact in default. C.I.T. would clearly side with Bur-ford on the primary position, however, that no such warranties exist.
The similarity of interest between Bur-ford and C.I.T. is evident from the exhibits attached to Burford’s petition. C.I.T. admitted everything Burford requested it to, such as, “At the time of the commencement of the above styled action C.I.T. did business by agent in Montgomery County, Alabama.” C.I.T. answered Burford’s interrogatories which were designed to show that, after the September 23, 1983, refinancing of the skidder, Tony Myrick made the monthly payments to C.I.T. at its address in Birmingham, and how many such payments he had made.
Although the record does not indicate that C.I.T. actually refused to join as a plaintiff, its congruence of interest and cooperation with Burford make the situation contemplated by the following provisions of Rule 19, A.R.Civ.P., closely analogous:
“If [a person needed for just adjudication] should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.”
A treatise on the identical federal rule notes that joinder as an involuntary plaintiff is proper only in limited situations, where the person is not subject to being made a defendant and has no interest adverse to the plaintiff. 7 Wright and Miller, Federal Practice and Procedure: Civil § 1606 (1972). The federal courts allow a person to be brought in as a defendant under these provisions and yet not defeat diversity jurisdiction where the joined party would preserve diversity in his proper role as a plaintiff. Eikel v. States Marine Lines, Inc., 473 F.2d 959 (5th Cir.1973). By analogy, the joining of a party as a defendant whose interest is substantially aligned with that of the plaintiff should not defeat the otherwise proper venue of the material defendants. Any conflict between the interests of Burford and C.I.T. is governed by an unambiguous contract, so the principle is applicable here.
If Burford or C.I.T. had brought a suit for payment against the Myricks, venue would have been in Butler County. If Bur-ford had brought this declaratory judgment action only against the Myricks, venue would have been in Butler County. If, in the latter case, it was determined that C.I.T. should be joined as a defendant but C.I.T. objected to venue, the court could have dismissed C.I.T. under Rule 19 and its interest would have been protected under § 6-6-227. Burford points out that there is no indication that C.I.T. does business in Butler County, but neither is there any indication that it does not.
Judge Thomas of the Montgomery County Circuit Court did not abuse his discretion in determining that C.I.T. was not a material defendant and that, thus, the venue pro *685 visions relative to the individual defendants, not those as to a foreign corporation, govern this action and make venue proper in Butler County. The writ is therefore denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, JONES, SHORES, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.
EMBRY, J., dissents with opinion.

. Burford is represented in the proceeding below and in this mandamus proceeding by counsel whose address is also 1100 Union Bank Tower, Montgomery, Alabama.