**Barbara SECOR, Petitioner–Respondent,**

v.

**Richard SECOR, Respondent–Appellant.**

**Nos. 56871, 56908.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 1990.

Richard A. Stockenberg, Julie C. Ford, St. Louis, for respondent-appellant.

Patricia A. Riehl, Hollingsworth & Kramer, Hillsboro, for petitioner-respondent.

REINHARD, Judge.

Husband appeals from a decree dissolving the parties' marriage and an order denying his Rule 74.03 motion to set aside that decree.[1] We affirm both.

---

**1.** We granted husband's motion to file a late appeal from the dissolution decree and consol-

The parties were married for over twenty years before they separated. No children were born of the marriage. Husband is a physician and at the time of dissolution both husband and wife were employees of Eastern Missouri General Services, Inc., a corporation they owned. Wife filed the petition for dissolution on October 26, 1988. The following day she filed husband's "Entry of Appearance, Waiver of Personal Service of Summons, Consent to Trial and Entry of Decree Without Notice" together with their "Marital Separation and Agreement." On November 17, 1988, wife's counsel filed a copy of the notice mailed to husband on November 16, 1988, which stated that the case would be called for hearing on December 15, 1988. On that date wife and her counsel appeared, but husband did not. The court heard evidence and granted dissolution of the marriage. It found the marital separation agreement was not unconscionable, incorporated it into the decree as if set out, and ordered the parties to perform the terms of the agreement.

On review we must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In his first point husband alleges:

The trial court abused its discretion . . . in finding that the parties' separation agreement was not unconscionable because . . . wife was awarded substantially all of the parties' considerable assets . . . while . . . husband was awarded minimal assets and substantially all of the parties' debts and liabilities and was re-

quired to pay excessive maintenance and other payments to the wife.

Our Supreme Court, on similar facts, construed the statute applicable here (§ 452.325.2, RSMo 1986): "[T]he statute provides that the terms of the agreement are binding on the court unless it finds that economic evidence produced by the parties on their own motion, or requested by the court, demonstrates unconscionability." *Dow v. Dow*, 732 S.W.2d 906, 907–08 (Mo. banc 1987) (footnote omitted). It went on to hold that the court is under no affirmative duty "to investigate and examine the economic circumstances of the parties and other relevant factors in determining conscionability of the settlement agreement." *Id.* at 908. From *Dow* it is clear that the trial court did not err in finding the separation agreement was not unconscionable.

■ Husband also contends on direct appeal:

The trial court erred in awarding to the individual parties certain assets belonging to Eastern Missouri General Services, Inc. and a corporate salary to the wife, because the court was without jurisdiction to distribute these assets or to order the corporation to pay a salary in that the corporation was not a party to the dissolution action.

The parties agreed that Eastern Missouri General Services, Inc. held title to the following property, to wit: Trans Am GTA automobile, VIN No. IG2FW21FOJL240158; Certificate of Deposit No. A02494; U.S. Savings Bonds No. 43–1339266; and real estate located at 322 North State, Desloge, Missouri. The terms of the separation agreement divided this property as follows: wife—the automobile, certificate of deposit and savings bonds; husband—the real estate.[2]

---

idated that appeal with his timely appeal from the denial of his motion to set aside.

2. The pertinent terms of the agreement follow:
    a. Husband hereby releases and quitclaims to the Wife all of his right, title and interest in and to the following:
    . . . .
    3. Husband releases and quitclaims to the Wife all of his right, title and interest to the Trans Am GTA automobile

VIN# 1G2FW21FOJL240158 except that Husband agrees to pay off any indebtedness owed on said motor vehicle until the debt on said automobile is retired and to keep current and to pay any and all automobile liability and property damage insurance on said motor vehicle as it shall become due and payable until June 18, 1992. Husband agrees to and shall deliver title to this vehicle to Wife when he has paid it off.
    . . . .

The separation agreement reveals the following: The parties stated Eastern Missouri General Services, Inc. is their "wholly owned corporation";[3] they agreed that there was no nonmarital property; they specifically disposed of the corporate property treating it as marital property; and wife agreed to transfer her interest in the corporate stock to husband, however, if husband sells the stock she is to receive one-half of the sale proceeds. In addition, the following clause appears regarding wife's employment:

> The parties do hereby agree that Wife shall be an employee of the parties wholly owned corporation namely: Eastern Missouri General Services, Inc. at a gross salary of $1,000 paid every two weeks for a period of three years or until Wife obtains suitable employment, whichever occurs earlier. This provision of the marital Stipulation and Agreement is also subject to a separate and enforceable contract of employment by and between the parties and Eastern Missouri General Services, Inc.

No mention was made of how title to the Trans Am automobile was held (wife admits in her brief that it was titled in the corporate name).

In support of his argument that the trial court lacked jurisdiction over the corporate assets husband relies principally upon the Southern District's case of *In re Marriage of Ward,* 659 S.W.2d 605 (Mo. App.1983). In *Ward* the trial court determined that assets of Ward Plumbing and Heating (the husband was the sole stockholder) were marital assets and ordered distribution of some of these assets to the wife and others to the husband as part of its division of the marital property. It also awarded the corporation's stock to the husband. On appeal, the Southern District held that the trial court committed reversible error by classifying corporate assets as marital property and dividing those assets between the parties. In so holding it stated:

> A marital dissolution decree may not purport to affect property of a corporation that is not a party to the litigation, even if the corporate stock is primarily or entirely owned by one of the parties to the dissolution.... The trial court has no jurisdiction to enter a decree dividing property that is not owned by either spouse.

*Id.* at 607. The general rule stated above is not, however, without exception. A court of equity may disregard the corporate entity under proper circumstances. *Durwood v. Dubinsky,* 361 S.W.2d 779 (Mo.1962); *Krajcovic v. Krajcovic,* 693 S.W.2d 884 (Mo.App.1985). This is one of those circumstances. Unlike *Ward* and other cases husband relies on, here the parties have agreed properties held in the corporate name are marital assets and have requested the court to distribute those assets in a specific manner; the cases husband relies on are not controlling.

We have not found a marital dissolution case in Missouri, or elsewhere, involving the distribution of corporate assets *in accordance with a separation agreement.*

---

5. That Wife shall have as her sole and separate property the property hereafter listed on Exhibit A of this Marital Separation and Agreement. [Exhibit A includes Certificate of Deposit No. A02494 and U.S. Savings Bonds No. 43–1339266.]

....

The parties acknowledge that there is certain real property that is owned by Eastern Missouri General Services, Inc., located at 322 N State, Desloge, Missouri. The parties have hereto agreed that said real property as heretofore described shall be the sole and exclusive property of the Husband and he assumes and agrees to pay any unpaid indebtedness on said real estate and Husband shall hold the Wife harmless should any creditor proceed against him upon his default and he will pay to the wife any reasonable attorney fees that she may have expended in her defense of any such claim. That Wife does herewith assign, transfer and set over to the Husband all of her interest in the escrow fund, if any, held on this property and further the Wife assigns, transfers and sets over to Husband all of her interest in any existing insurance on said property.

3. In her testimony at the dissolution hearing wife indicated that the parties owned the corporation. At the hearing on the motion to set aside, husband testified that he owned the corporate stock and that both he and wife were corporate officers.

In *Lyons v. Lyons*, 340 So.2d 450 (Ala.Civ. App.1976), the court affirmed a divorce court which, in distributing marital property, ordered that real estate titled in a corporate name be conveyed to the wife. The wife owned one share of the corporation's stock; the husband owned the remainder. The court said:

> "Defendant [the husband] operated the corporation as his alter ego....
>
> . . . .
>
> ... In order for a corporation to be accorded treatment as a separate legal entity, it must exist and function as such and not merely as the alter ego of a person owning and controlling it.
>
> . . . .
>
> The trial court had before it the master of the corporation.... Under such conditions the court of equity did not commit error in ignoring the fictional corporate shield behind which defendant attempted to hide marital property.

*Id.* at 451–52. The holding in *Lyons* is not contrary to that in *Ward*. In fact, the court in *Ward* discussed *Lyons*, but distinguished it on the facts. Other than the separation agreement, there is no evidence of the relationship of the parties to the operation of the corporation. However, it is apparent from the agreement that the parties viewed the corporation as their alter ego. In any event, if spouses by their actions can create circumstances where a dissolution court is empowered to distribute corporate assets to them as their marital property (*Lyons*), it follows that a dissolution court can distribute such assets in accordance with an agreement between spouses. The agreement should be binding upon the spouses, but could not affect third parties.

Here the sole owners of the corporation were before the court; they had agreed that the corporate property was marital property; and they had contracted to its disposition. The court had jurisdiction to enter the orders relating to the distribution of the corporate property and to wife's employment. Point denied.

In his final point husband attacks the trial court's order denying him relief under Rule 74.03. The Rule provides:

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

Husband neither pled nor proved good cause for setting aside the judgment dissolving the parties' marriage. Husband was aware of the date of the hearing on the dissolution petition and so testified. Further, after the court entered its judgment, husband, in accordance with the separation agreement, executed two quitclaim deeds. We find no abuse of discretion. Point denied.

Judgments affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.