DONALDSON, Judge.
Russell Darrell Vice (“the husband”) petitions this court for a writ of mandamus directing the Jefferson Circuit Court (“the trial court”) to grant the husband’s motion to add third parties to the divorce action filed by Cynthia Mizell Vice (“the wife”) and to continue the trial of this matter to allow for service of the additional parties and completion of discovery involving those parties.
The parties had been married for 18 years when the wife filed her complaint seeking a divorce on May 7, 2013. On January 27, 2015, the husband filed a motion to add third parties to the proceedings pursuant to Rule 19, Ala. R. Civ. P. (“the Rule 19 motion”). In the Rule 19 motion, the husband alleged that the wife
“made numerous substantial transfers of money and property during the marriage, and since filing for divorce. The [wife] titled some of the property in her name, and some in the names of others. [The wife] has transferred significant marital funds to various family members and in doing so, intentionally dissipated *937 the marital estate without- [the husband’s] knowledge or- consent.” -
The husband alleged that, in' response to discovery requests, the wife disclosed that, after deciding to file for a divorce, she had made transfers of real property and monetary assets to her children Keri Michelle Thomas, Jamie Flach, and John R. Vice and to her mother Barbara Bearden (hereinafter referred to collectively as “the additional parties”). The husband' argued that, unless the additional parties were joined as parties to the divorce action, he would have no adequate remedy to recover the allegedly dissipated marital assets. The trial court held a hearing on the Rule 19 motion on March 31, 2015. We do not have a transcript of that hearing. On June 12, 2015, the trial court entered an order denying the Rule 19 motion, ruling “[t]hat it is improper for this Court to add these parties to this divorce proceeding.” The husband filed a motion to reconsider on June 14, 2015. The wife filed a response to the husband’s motion to reconsider in which, she argued, in part,- that she “admittedly denies that those funds which she used for the support of the parties’ child and extended family should be considered marital funds appropriate for division; however, should the court feel otherwise, there are sufficient individual and marital assets from which to offset any such finding.” On June 18, 2015, the husband filed a motion to continue the trial set to begin that same day. The trial court rescheduled the trial to begin June 29, 2015. On June 19, 2015, the husband filed a motion seeking to continue the June 29, 2015, trial date. On June 22, 2015, the husband filed a motion again asking the trial court to continue the trial date, asking the trial court to rule on the husband’s motion to reconsider the denial of the Rule 19 motion, and asking the trial court to enter a stay of all proceedings pending resolution of a petition for the writ of mandamus he intended to file in this court. At the time the husband filed -his petition for the writ of mandamus with this court, the trial court-had hot ruled on his motions filed on June 19, 2015, and June 22, 2015.
On June 22, 20Í5, the husband filed his petition in this court seeking a writ of mandamus directing the trial court to grant -his motion to add third parties to the divorce action pursuant to Rule 19, Ala. R. Civ. P., and to continue the trial. See, e,g., S.E.B. v. J.H.B., 605 So.2d 1230, 1232 (Ala.Civ.App.1992), and Hughes v. Hughes, 362 So.2d 910, 916 (Ala.Civ.App.1978). There is authority for such relief to be sought by the petition for the writ of mandamus. See, e.g., Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177, 1179 (Ala.2006)(“Gúíf Beach petitions this Court for a writ of mandamus directing the Baldwin Circuit Court "to vacate its order making Gulf Beach a party to the State’s declaratory-judgment action pursuant to Rule 19, Ala. R. Civ. P. ... We grant the petition and issue the writ.”);, and Ex parte Turpin Vise Ins. Agency, Inc., 705 So.2d 368, 370 (Ala.1997)(“In its mandamus petition, Tur-pip Vise.... contends that Johnson is not an ‘indispensable, necessary or proper’ party for whom joinder is required under Rule 19, Ala. R. Civ. P.”). On June 23, 2015, this court called- for an answer, which the wife filed on July 7, 2015. On June 26, 2015, this court entered a stay of the proceedings in the trial court pending further order of this court.
The husband argues thát,
“[b]y failing and refusing to add third parties to the.divorce action, [the trial court] made it impossible for the trial court to gain jurisdiction over all of the marital property owned by the parties, and allows for the [wife] to transfer hundreds of thousands of dollars to third parties, who are outside of the jurisdic *938 tion of this court in terms of division of the marital estate.”'
Rule 19(a), Ala. R. Civ. P., provides: ■
“Persons-'to Be Joined if Feasible. -A person, who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person’s absence complete relief cannot be' accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so' situated that the disposition of the áction in the person’s absence may >(i) as a practical matter impair or impede the person’s ability to • protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring ; double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the áction improper, that party shall be disMssed from the action.”
The wife does not dispute that she has transferred substantial assets to the additional parties. Rather, the wife argues that
“[t]he combined total of the complained-of giftéd funds tp which [the husband] now alleges require joinder of multiple third-party family members equals $398,536.10. Conversely, the combined total of the aforementioned assets held solely by [the wife] as of the previous date of trial, which are all either liquid or easily liquefied, equals $l,3k5,516M. Thus, the assets held by [the wife], alone and willingly- and openly disclosed to Husband on numerous occasions during discovery total more than three times the amount about which [the husband] now complains to this Court requires joinder of multiple third-party family members.”
(Emphasis in original.)
In Dubose v. Dubose, 172 So.3d 233, 243 (Ala.Civ.App.2014), this court recently held:
“The general rule is that a trial court in a divorce action lacks jurisdiction to divide property legally titled in the name of a third party not joined in the divorce action. Roubicek v. Roubicek, 246 Ala. 442, 449, 21 So.2d 244, 251 (1945). In Mosley v. Builders South, Inc., 41 So.3d 806, 811-12 (Ala.Civ.App.2010), .this court discussed the exception to that general rule that has arisen in divorce cases:
‘““It is -obvious that the [trial] court would ■ be guilty of denying due process to the [third party] if the [trial] court should take property of the [third party] and give it to another in a proceeding where- the [third party] was not a party and was not given the elemental right to be heard.”
“ ‘Boswell v. Boswell, 280 Ala. 53, 60, 189 So.2d 854, 860 (1966). Consistent with that reasoning, later Alabama cases have carved out an exception to the general rule that allows a divorce court to enter a judgment affecting property titled in the name of a third party when the third party appears in the divorce proceeding and, as the Boswell court put it, is “given the elemental right to be heard.” See, e.g., Moody v. Moody, 339 So.2d 1030 (Ala.Civ.App.1976) (holding that, because the attorney to whom the husband had purportedly conveyed a cabin lot represented the husband throughout the divorce proceeding in which ownership of the lot was litigat *939 ed and passed to wife, the divorce court did not err in entering a judgment disposing of the cabin lot without formally joining the attorney as party).
“ ‘In Owen v. Miller, 414 So.2d 889 (Ala.1981), a divorcing husband and his sister held joint legal title to several bank accounts. The sister appeared at the' divorce trial for the purposes of attempting to gain ownership of those accounts. Also, the sister filed a successful motion with the divorce court to. release funds in a bank account she singly owned that the divorce court had mistaken for marital property. After the trial, the divorce court awarded ownership of the disputed bank accounts to the wife and the children of the husband! 414 So.2d at 890. The sister then filed'an action against the wife, the children, and the bank holding the accounts, claiming ownership of the funds in the accounts. Our supreme court concluded that, although the sister had never been made a party to the divorce proceedings, she was bound by the divorce judgment under th‘e doctrine of res judicata as “[a] non-party who has an interest sufficiently close to the matter litigated and \yho had an adequate opportunity to litigate the issue in the prior proceeding.” 414 So.2d at 891.
“ ‘In Lyons v. Lyons, 340 So.2d 450 (Ala.Civ.App.1976), a husband argued on appeal that the circuit court that had adjudicated his divorce case “was without authority to direct conveyance of corporate property in a proceeding to which the corporation was not a party.” Id. at 451. This court recognized the general rule asserted by the husband but held that' an exception to that rule applied when one or both spouses treat a closely held corporation as an alter ego. Id. at 451-52. This court recognized that, in such cases, a divorce court has the authority to pierce the corporate veil and to divide corporate property .without adding the corporation as a party so long as the principal of the corporation was properly before the court. Id. at 452. Lyons has often been cited as authorizing divorce courts to divide corporate assets under the alter-egó theory.’ ”
In this case, thé wife admits to making substantial transfers to the additional parties, but" the wife claims to possess even greater assets from which the trial court could effect an equitable distribution of marital assets without the joinder of the additional parties. The wife cites Kelley v. Kelley, 52 So.3d 534, 543 (Ala.Civ.App.2010), and Matthews v. Matthews, 608 So.2d 1386, 1390 (Ala.Civ.App.1992), for the proposition that a trial court may account for dissipation of marital assets in crafting a property division in a divorce. However,, neither of those cases involved the denial of a request to join parties under Rule 19, Ala. R. Civ. P., nor do those cases stand for the proposition that parties receiving allegedly dissipated assets should bé exempt from joinder under Rule 19 if there are other assets that may be available to offset those assets.
Despite the wife’s arguments, this matter has not been tried, and there is no determination of what assets might be properly considered marital assets or how those assets might-be divided. Moreover, we do not have a transcript of the proceedings in the trial court, we do not have the benefit of a complete record, and no determination has been made as to whether the assets that the wife now claims are “solely” possessed by her are in fact separate property sufficient to offset the transferred assets in an equitable division or if those assets are marital assets sufficient to offset the undisputed transfers. Rather, it is undisputed that the wife transferred substantial assets to the additional parties after deciding to file for a divorce. There *940 is no dispute regarding whether the additional • parties possess an “interest sufficiently- close to the matter litigated and ..[would be provided] an adequate opportunity to litigate the issue in the proceeding.” Owen v. Miller, 414 So.2d 889, 891 (Ala.1982).
We make no determination as to whether the husband can prove any claim for relief based on the evidence regarding the assets transferred to the additional parties. We determine from the specific facts before, us, however, that the husband has demonstrated a clear legal right to relief from the trial court’s order denying the Rule 19 motion because he has established that, if he can prove his allegations, “in the [additional parties’] absence complete relief cannot be accorded among those already parties.” Rule 19(a)(1). Accordingly, we grant the petition in- part and issue the writ directing-‘the trial court to set •aside the order denying the Rule 19 motion.
We dp not address the husband’s request that.the trial be continued to allow for. service of. the additional parties and for discovery relating to the. claims involving the additional, parties because the scheduled trial date has passed. Because we grant the petition in part, issuing a writ directing the trial court to add the.additional parties, we anticipate that an appropriate trial schedule will be established by the trial court.
• PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.