THOMAS, Judge.
In May 2016, Ronald R. Glasgow, acting pro se, filed in the Clay Circuit Court ("the trial court") a complaint naming Jackson Land Surveying, LLC ("the surveyor"), as a defendant. Glasgow asserted that the surveyor had negligently performed a survey that had, as a result, incorrectly determined the boundary line between his property and the property owned by John Hatfield. According to the complaint, Hatfield had purchased his property from Sanford Suggs, who had hired the surveyor to perform the survey in preparation for the sale of the property to Hatfield. Glasgow also alleged that the alteration in the boundary line between his and Hatfield's properties as a result of the survey affected his use of an easement. He further asserted that two other sets of adjoining landowners, the Hetisimers and the Hannerses, were also negatively affected by the allegedly incorrect boundary line. Glasgow requested that the dispute regarding the contested boundary line be settled and sought damages in the amount of "$20,000 or less, as determined by the court."
On August 2, 2016, the surveyor moved to dismiss Glasgow's complaint. In its motion, the surveyor stated, without elaboration, that Glasgow had failed to state a claim for relief and that he had failed to join necessary and indispensable parties to the action. The trial court set the motion for a hearing to be held on August 16, 2016.
On August 15, 2016, Glasgow filed an amended complaint. In that amended complaint, Glasgow stated that he had sought and received permission to join the Hetisimers and the Hannerses as additional plaintiffs to the action. Glasgow also added Hatfield and Vickie Sheraron as additional defendants. In addition, in a separate motion, Glasgow sought to have Mrs. John Fables, the owner of the real property upon which the easement he had mentioned in his complaint was situated, added to the action as an "involuntary plaintiff." See Rule 19(a), Ala. R. Civ. P. ("If [a] person [determined to be a necessary party] should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.").
After the hearing, the trial court entered, on August 16, 2016, an order granting the surveyor's motion to dismiss; the order did not indicate the basis for the dismissal of the claims against the surveyor. That order also denied Glasgow's motion to add Fables as an involuntary plaintiff. The order noted that the "matter [would be] continued generally for service on the remaining parties." Sheraron was served on August 17; Hatfield was served on August 19. On August 20, 2016, the trial court entered an order in which it struck the amended complaint insofar as it attempted to add the Hetisimers and the Hannerses as plaintiffs because, the trial *114 court stated, Glasgow could not add plaintiffs because he was acting as a pro se litigant. Glasgow appealed the trial court's August 16 and August 20 orders to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
The surveyor argues that Glasgow's appeal should be dismissed because, the surveyor says, the appeal was taken from a nonfinal judgment. As the surveyor correctly notes, at the time the trial court entered the August 16, 2016, order, Glasgow had named two additional defendants-Hatfield and Sheraron-in his amended complaint. Typically, the failure of a trial court to adjudicate all claims against all defendants precludes finality. Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990) ("An appeal ordinarily will lie only from a final judgment-i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved."). However, when the trial court entered the dismissal order on August 16, 2016, the only defendant who had been served with process was the surveyor. Rule 4(f), Ala. R. Civ. P., provides:
"When there are multiple defendants and the summons ... and complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment."
Under Rule 4(f), the August 16, 2016, order was final as to the surveyor. See Owens v. National Sec. of Alabama, Inc., 454 So.2d 1387, 1388 n.2 (Ala. 1984) (denying, pursuant to Rule 4(f), a motion to dismiss an appeal on the basis that the judgment appealed from was not final because there remained unserved defendants below); Williams v. Fox Television Stations of Birmingham, Inc., 959 So.2d 1120, 1122 (Ala. Civ. App. 2006) (concluding that a summary judgment entered in favor of the only party that had been served at the time of the entry of that judgment was a final judgment at the time of its entry), overruled on other grounds by Ex parte Luker, 25 So.3d 1152 (Ala. 2007) ; and Harris v. Preskitt, 911 So.2d 8, 14 (Ala. Civ. App. 2005) (stating that an unserved defendant had never been a party to the action and that the judgment was final as to the served defendants without need for a judgment dismissing the unserved defendant). Accordingly, we will consider the merits of Glasgow's appeal insofar as it involves that aspect of the August 16, 2016, order dismissing the claims against the surveyor.
As noted, the trial court did not explain its basis for granting the motion to dismiss the claims against the surveyor. The surveyor argues in its brief on appeal that the dismissal was proper under Rule 12(b)(6), Ala. R. Civ. P., because Glasgow could not show that the surveyor had breached any duty to Glasgow because, it says in its brief on appeal, it "was hired by Mountain Streams Realty to survey property owned by Suggs" and Glasgow was therefore, it contends, not a "foreseeable plaintiff." Our review of a dismissal order under Rule 12(b)(6) is well settled.
" ' "On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) [, Ala. R. Civ. P.], is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff *115 will ultimately prevail, but only whether [he] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." ' "
Donoghue v. American Nat'l Ins. Co., 838 So.2d 1032, 1036 (Ala. 2002) (quoting C.B. v. Bobo, 659 So.2d 98, 104 (Ala. 1995), quoting in turn Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993) ).
Indeed, as the surveyor contends, a plaintiff like Glasgow seeking to establish that a defendant is negligent must prove, among other things, "a duty to a foreseeable plaintiff." Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994) ("To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury."). The surveyor contends, in essence, that Glasgow's status as a stranger to the contract under which the survey was performed prevents him from being a "foreseeable plaintiff," i.e., one to whom the surveyor owed a duty. However, contrary to the surveyor's contention that negligence cannot lie where a plaintiff has no privity of contract, a person to whom a party owes a duty-i.e., a "foreseeable plaintiff"-includes a third party who could foreseeably be injured if a party to a contract fails to properly carry out its duties under that contract. QORE, Inc. v. Bradford Bldg. Co., 25 So.3d 1116 (Ala. 2009) ; Vick v. HSI Mgmt., Inc., 507 So.2d 433 (Ala. 1987) ; and Federal Mogul Corp. v. Universal Constr. Co., 376 So.2d 716, 724 (Ala. Civ. App. 1979) ("[A] plaintiff may nevertheless recover in negligence for [a] defendant's breach of duty where [the] defendant negligently performs his contract with knowledge that others are relying on proper performance and the resulting harm is reasonably foreseeable.").
In QORE, our supreme court explained the concept that a duty to a third party could arise under a contract:
"In Harris v. Board of Water & Sewer Commissioners of Mobile, 294 Ala. 606, 613, 320 So.2d 624, 630 (1975), this Court held that 'where one party to a contract assumes a duty to another party to that contract, and it is foreseeable that injury to a third party-not a party to the contract-may occur upon a breach of that duty, the promissor owes that duty to all those within the foreseeable area of risk.' A breach of such a duty that results in injury to a third party who is 'within the foreseeable area of risk' is actionable negligence. Id."
QORE, 25 So.3d at 1124. However, our supreme court further explained that a party seeking to recover under a negligence theory based on a contract between others must prove that it relied on the proper performance of the contract. Id. at 1124-25.
"Even when a third party is not in privity with the parties to a contract and is not a third-party beneficiary to the contract, the third party may recover in negligence for breach of a duty imposed by that contract if the breaching party negligently performs the contract with knowledge that others are relying on proper performance and the resulting harm is reasonably foreseeable."
Id. at 1124 (citing Cincinnati Ins. Cos. v. Barber Insulation, Inc., 946 So.2d 441, 446-47 (Ala. 2006) ).
We find Cincinnati Insurance Companies v. Barber Insulation, Inc., particularly instructive. The plaintiffs in Cincinnati Insurance Companies were the Fains, who had contracted with Dark Alexander & Company, Inc. ("Dark"), which agreed to *116 be the general contractor in charge of the construction of the Fains' lake house. Cincinnati Ins. Cos., 946 So.2d at 442. Dark contracted with Barber Insulation, Inc. ("Barber"), for the provision and installation of insulation in the lake house. Id. Almost a year after construction of the lake house was completed, a pipe in a wall of the house froze, burst, and flooded a part of the house. Cincinnati Insurance Companies ("CIC") insured the lake house; it paid the claim made by Fains and sued, among other defendants, Barber, alleging, among other things, negligence. Id. CIC argued "that Barber 'had a duty to the Fains to install the insulation properly,' and that 'the Fains relied on the contract between [Dark] and Barber.' " Id. at 446. The trial court entered a summary judgment in favor of Barber, and CIC appealed. Id. at 443. Our supreme court affirmed the summary judgment in favor of Barber, explaining that the key to liability for negligence was "particularized reliance." Id. at 448. In its opinion, our supreme court discussed at length Berkel & Co. Contractors, Inc. v. Providence Hospital, 454 So.2d 496 (Ala. 1984).
Providence Hospital involved, among other issues, whether a subcontractor on a construction project, Berkel & Co. Contractors, Inc. ("Berkel"), could recover from Providence Hospital ("the hospital") and its "agent-architect" on that project, Gill, Korff & Associate, Architects and Engineer, P.C. ("the architect"), damages for negligence, despite the fact that the subcontractor had no contractual privity with either entity. Providence Hosp., 454 So.2d at 501. Berkel had performed its duty under its contract, which was to install piles for the addition to the hospital, based upon the specifications of the architect. Id. at 499. The piles failed load tests, and, ultimately, the initial specifications of the architect were abandoned. Id. at 499-500. Berkel sued the hospital and the architect, arguing that they had "breached their duty of care in directing Berkel's installation of the ... piles." Id. at 501. The trial court entered a judgment in favor of the hospital (the claims against the architect remained pending in the trial court), and Berkel appealed. Id. at 500. Our supreme court reversed the summary judgment entered in favor of the hospital. Id. at 503.
In Cincinnati Insurance Companies, our supreme court explained that "Berkel's own contractual performance depended on the care exercised by the architect; that is, Berkel was relying on the architect, as the hospital's agent, to exercise due care in 'directing the pile work.' 454 So.2d at 503." Cincinnati Ins. Cos., 946 So.2d at 447 (second emphasis added). The Cincinnati Insurance Companies court concluded that
"[t]he element of reliance and the nature of the defendant are the features that most clearly distinguish Providence Hospital from this case. Providence Hospital simply represents the widely recognized rule that architects and similar design professionals may be liable in tort to persons with whom they are not in privity, when it is foreseeable that such persons would detrimentally rely on the professional's representations or performance."
Id. at 447-48 (emphasis added).
In his complaint, Glasgow alleged generally that the surveyor had not properly performed the survey and that it had used improper markers in completing the survey. The survey, according to Glasgow, was used to determine the description of the property for a deed conveying that property, which abuts Glasgow's property, to Hatfield. In addition, Glasgow alleged in his complaint that the description of Hatfield's property based on the survey had resulted in an encroachment upon his property and had created a dispute about *117 the property line between their properties. However, Glasgow's complaint contains no allegation that he had detrimentally relied on the survey. In fact, he challenges it as inaccurate. Thus, we agree with the surveyor that, because Glasgow has not only not alleged that he relied on the survey, but has affirmatively stated that he contests its accuracy, Glasgow could prove no set of facts or circumstances that would entitle him to relief, and we affirm the trial court's dismissal of the claims against the surveyor.
Glasgow also seeks review of the trial court's August 16, 2016, order and August 20, 2016, order insofar as the those orders refused to make Fables an involuntary plaintiff and refused to allow him to join the Hetisimers and the Hannerses as plaintiffs. Because the action, insofar as it sought the determination of the boundary line, still proceeds below, those orders, which denied Glasgow the right to add certain parties as plaintiffs, are interlocutory in nature. The proper method of review of such orders is by a petition for the writ of mandamus. See Ex parte Vice, 190 So.3d 936, 937 (Ala. Civ. App. 2015) (indicating that a petition for the writ of mandamus is the appropriate vehicle to review orders involving joinder under Rule 19 ). Thus, we will treat Glasgow's appeal, insofar as it seeks review of the trial court's denial of his requests to join those parties as plaintiffs, as a petition for the writ of mandamus. See Ex parte Coble, 72 So.3d 656, 657 (Ala. Civ. App. 2011) (stating that this court may consider an appeal from a nonappealable order as a petition for the writ of mandamus).
" ' "A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala. 2004). A writ of mandamus is 'appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Exparte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001)." ' "
Ex parte Brown, 963 So.2d 604, 606-07 (Ala. 2007) (quoting Ex parte Rawls, 953 So.2d 374, 377 (Ala. 2006), quoting in turn Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005) ).
As noted above, the surveyor's motion to dismiss notified the trial court that certain parties might need to be joined in the action under Rule 19(a).[1] Our supreme court has explained the procedure to be followed when a question is raised regarding whether necessary parties have been properly joined in an action. J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 849-50 (Ala. 1981).
*118 "It is plaintiff's duty to join as a party anyone required to [be] joined under [ Rule 19(a) ]. If such persons are not joined, the plaintiff must, under subsection (c) of Rule 19, ... state their names and the reasons why they are not joined. If there is a failure to join a person needed for just adjudication by a litigant, then, under subsection (a) of Rule 19, the trial court shall order that he be made a party."
Campbell, 406 So.2d at 849-50 (emphasis added).
Shortly after the surveyor moved for dismissal of the complaint on the ground that Glasgow had not joined necessary or indispensable parties, Glasgow added two defendants to the action, both of whom, he generally alleged, would be affected by a determination of the boundary line. Glasgow also attempted to name as co-plaintiffs the Hetisimers, the Hannerses, and Fables, all of whom, he alleged, owned property affected by the survey. Rule 19(a) specifically states that
"[i]f the person [determined to be a necessary party] has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff."
(Emphasis added.) Thus, Glasgow is correct in arguing that the Hetisimers, the Hannerses, and Fables, if they are truly necessary parties, should be made parties to the action under the express language of Rule 19(a).
However, Glasgow has not shown, and arguably cannot show, that he is entitled to have Fables added as an involuntary plaintiff, which is permitted in only limited situations that do not appear to be present in this case. See Ex parte Burford Equip. Co., 474 So.2d 682, 684 (Ala. 1985) (citing 7 Wright and Miller, Federal Practice and Procedure: Civil § 1606 (1972) ) ("A treatise on the identical federal rule notes that joinder as an involuntary plaintiff is proper only in limited situations, where the person is not subject to being made a defendant and has no interest adverse to the plaintiff."); see also 7 Charles Alan Wright, Arthur R. Miller, and Mary K. Kane, Federal Practice and Procedure: Civil § 1606 (3d ed. 2001) ("[I]f the absentee is within the jurisdiction, the absentee must be served with process and made a defendant."). As noted above, Fables is subject to the trial court's jurisdiction and could be named as a defendant; she simply did not want to "get involved" in the dispute when Glasgow asked her about it. Thus, instead of seeking her addition as an involuntary plaintiff, Glasgow should have named her as a defendant; if her interests were aligned with Glasgow's, she could be realigned as a plaintiff at a later time. See Ex parte State ex rel. James, 711 So.2d 952, 968 (Ala. 1998) ("[R]ealignment of parties is permissible under the Alabama Rules of Civil Procedure."). Accordingly, Glasgow has not demonstrated that he has a clear legal right to an order making Fables an involuntary plaintiff.
In addition, Glasgow has not presented authority suggesting that he, as a pro se litigant, can add plaintiffs to his action. Rule 19 certainly indicates that joinder of parties as plaintiffs is possible. However, Glasgow is a pro se litigant, who cannot represent the rights of other parties. Ex parte Ghafary, 738 So.2d 778, 779 (Ala. 1998) (explaining that the right to represent oneself expressed in Article I, § 10, of the Constitution of Alabama of 1901, "does not extend to the representation of interests other than those of the pro se litigant"). The trial court concluded that Glasgow's status as a pro se litigant precluded his ability to name as additional plaintiffs to his action other unrepresented *119 individuals. Although we understand Glasgow's argument in his brief as indicating that he would not be representing the other plaintiffs, who would either proceed pro se or seek legal representation after they were added to the litigation, Glasgow is the only person who signed the amended pro se complaint indicating that the Hetisimers and the Hannerses desired to seek similar relief against the defendants. We have found very little authority on the issue, but the authority we did find indicates that Glasgow cannot, as a pro se litigant, add additional plaintiffs to his action. See Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. (No. 12-2773-CM-DJW, Oct. 10, 2013) (D. Kan. 2013) (not reported in F. Supp.) (explaining that a pro se litigant may represent only himself or herself before the court and that, therefore, a pro se litigant cannot add another pro se party as a plaintiff to the pro se litigant's action). Furthermore, because Glasgow may represent only himself and not the interests of others, it stands to reason that he may not assert in a complaint that persons other than himself desire to litigate over the boundary line at issue in the present case or to seek damages for the allegedly negligent survey. Based on the arguments presented, we cannot conclude that Glasgow has a clear legal right to have the Hetisimers and the Hannerses added as plaintiffs.[2]
In conclusion, we have determined that Glasgow's appeal, insofar as it is taken from the August 16, 2016, order granting the surveyor's motion to dismiss is properly before this court as a final judgment. We have also determined that the trial court properly granted that motion under Rule 12(b)(6). Thus, we affirm the trial court's August 16, 2016, order insofar as it dismissed the claims against the surveyor. Glasgow's other issue-whether he should be permitted to add certain parties as plaintiffs-is reviewable by petition for the writ of mandamus. Having exercised our ability to treat Glasgow's appeal as a petition for the writ of mandamus, we have concluded that Glasgow is not entitled to an order requiring the trial court to add Fables as an involuntary plaintiff or to add the Hetisimers and the Hannerses as plaintiffs to his pro se complaint. Glasgow's petition is therefore denied.
AFFIRMED; PETITION DENIED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

Rule 19(a), Ala. R. Civ. App., which governs joinder of parties, states, in pertinent part:
"A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action."

Again, we note that Glasgow may add the Hetisimers and the Hannerses as defendants, subject to later realignment as their interests warrant.